IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CHARLES M. WELCH,      * | |
|                * | |
|     Plaintiff,      * | |
|                * | |
| VS.      * | |
|                * | CASE NO: _____ |
| EQUIFAX INFORMATION SERVICES, * | |
| LLC; EXPERIAN INFORMATION      * | |
| SOLUTIONS, INC.; TRANS UNION,      * | |
| LLC; and BANK OF AMERICA,      * | |
| NATIONAL ASSOCIATION,      * | JURY TRIAL DEMANDED |
|                * | |
|     Defendants.      * | |

## COMPLAINT

**COMES NOW**, the Plaintiff, Charles M. Welch, by and through the undersigned attorney and states the complaint as follows:

## PRELIMINARY STATEMENT

1. This case arises from the inaccurate reporting of a Bank of America credit account. Through the wrongful actions of the Defendants, Plaintiff's account had derogatory and inaccurate information which was reported as part of Plaintiff's credit file that was maintained by the major credit bureaus. Once this inaccurate information was discovered by Plaintiff, he took steps available under federal law to attempt to remove the inaccurate information from his credit files. However, despite his providing information to the credit reporting agencies and Bank of America which conclusively demonstrated that the information reporting on the account was inaccurate, no steps were taken by Bank of America or the credit bureaus to adjust the inaccurate reporting of the account on Plaintiff's credit file. Plaintiff asserts claims under the Fair Credit Reporting Act ("FCRA") against Bank of America and the defendant credit reporting agencies for failing to properly investigate Plaintiff's dispute and failing to delete the inaccurate data reporting on Plaintiff's credit file. Plaintiff asserts claims under state law against the Defendants for negligence and defamation due to the inaccurate reporting of Plaintiff's account.

## THE PARTIES

2. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Plaintiff seeks actual damages, punitive damages, costs and attorney's fees

3. Plaintiff is a natural person and consumer and a resident of Baldwin County, Alabama. Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

4.     Defendant Equifax Information Services ("EQUIFAX") is a corporation incorporated under the laws of Georgia.  It has its principal place of business in Georgia.

5.     Equifax is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

6.     Defendant Experian Information Services ("EXPERIAN") is a corporation incorporated under the laws of Ohio.  It has its principal place of business in California.

7.     Experian is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

8.     Defendant Trans Union, LLC ("TRANS UNION") is a corporation incorporated under the laws of Illinois.  It has its principal place of business in Illinois.

9.     Trans Union is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

10.    Defendant Bank of America, National Association ("BANK") is a bank doing business in Alabama, with corporate headquarters in North Carolina.  Its principal place of business is in Charlotte, North Carolina.  BANK is a furnisher of credit as defined under the FCRA.

## JURISDICTION

11.    This court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Defendants are liable to Plaintiff pursuant to the provisions of the "Consumer Credit Protection FCRA of 1968," 15 U.S.C. § 1601, et seq., as well as other applicable law.

## FACTUAL ALLEGATIONS

12.    On or about October 25, 2008, Plaintiff and his wife purchased a couch set from Basset Furniture Company located in Spanish Fort, Alabama, in the amount of $4,787.00. They selected the swatch color "Expresso."

13.    When the furniture was delivered to the Plaintiff's home, he and his wife realized it was not the color they selected in the store. He immediately contacted the Bassett Company and explained that they had delivered the wrong color furniture.

14. Bassett sent a representative to Plaintiff's house with a swatch that matched the sofas, but it was not what Plaintiff had selected in the store. Plaintiff tried in good faith to have the sofas returned and to look through the samples for the swatch they chose at the store, but were refused this request by Bassett.

15. Plaintiff asked Bassett for a swatch in the color "Expresso" and was informed by a store representative that there was more than one color in "Expresso." He again asked for the furniture to be exchanged and Bassett refused.

16. The manager of Bassett categorically refused to pick up the furniture stating that the Plaintiff had received what they ordered. The manager refused to speak to Plaintiff by phone and relayed his words to Plaintiff through his employees. After repeated requests to pick up the furniture but to no avail, Plaintiff had no choice but to rent a truck to return the sofas to the store himself.

17. On or about December 14, 2008 the Plaintiff returned the furniture to the Bassett store himself where he purchased it.

18. After the return of the furniture, Plaintiff disputed the charges to BANK after Bassett refused to credit his account.

19. Plaintiff sent numerous disputes letters to each of the Defendants disputing the charges and explaining the situation.

20. In fact, after months of unsuccessful attempts with the Defendant to have this account credited, Plaintiff ordered his consumer reports in January 2010 from TRANS UNION, EQUIFAX and EXPERIAN and after examining the same, Plaintiff learned that all three credit reporting agencies were reporting inaccurate information about him.

21. Plaintiff contacted TRANS UNION, EQUIFAX and EXPERIAN and disputed the reporting of the information on his account with each of the credit reporting agencies. Plaintiff submitted to each of the Defendants documents conclusively demonstrating that the reporting of the account was inaccurate and to update his credit report immediately to reflect the account not as a charge off as a bad debt but as a zero balance.

22. Defendants received the dispute letters from the Plaintiff as each one was sent by certified mail.

23. On information and belief, TRANS UNION, EQUIFAX and EXPERIAN contacted the creditor BANK about the information being reported on his credit report pursuant to the regulations and procedures provided for under the FCRA.

24. In the disputes, Plaintiff clearly explained that the reporting of the account balance should have been credited back to his account being that he returned the furniture.

25. During this time, Plaintiff began receiving harassing collection notices from BANK regarding the outstanding amount on the disputed account.

26. Plaintiff continued contacting customer service and other employees of BANK asking them to update the account to reflect a zero balance and to cease all collection activity.

27. Plaintiff received the reinvestigation results from EQUIFAX, TRANS UNION and EXPERIAN with all credit reporting agencies verifying the account and continuing to report the derogatory information.

28. EQUIFAX, TRANS UNION and EXPERIAN did not perform proper investigations as the account was not updated or corrected as requested by the Plaintiff.

29. They continued reporting by the Defendants occurred after the Plaintiff's notifications to the Defendants that the account was reporting inaccurately.

30. Plaintiff disputed the inaccurate information reporting on his EQUIFAX, TRANS UNION and EXPERIAN credit reports several more times with each time EQUIFAX, TRANS UNION and EXPERIAN verifying the account information reporting as accurate.

31. The Plaintiff has had credit denials since disputing the inaccurate account with the credit reporting agencies, including being denied for several insurance rates and loans as he sought to take advantage of the historically low interest rates.

32. The Plaintiff has suffered damages including, but not limited to, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of Defendants' publication of this adverse credit information.

33. Defendants have failed to conduct an adequate investigation with respect to the disputed information; failed to review all information provided by the consumer; were careless and negligent in the manner in which they carried out any investigation; and intentionally reported inaccurate information in an effort to force or coerce plaintiff into paying a debt that was not his.

## COUNT ONE
*Failure of Equifax, Trans Union, and Experian*
*to Comply with §1681e(b) of the FCRA*

34. This is a count against EQUIFAX, TRANS UNION and EXPERIAN for violations of the FCRA and state law.

35. Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

36. EQUIFAX, TRANS UNION and EXPERIAN issued, assembled, transferred and published "consumer reports," regarding the Plaintiff, as defined in the FCRA.

37. EQUIFAX, TRANS UNION and EXPERIAN have continually added, stored, maintained and disseminated personal and credit data about the Plaintiff which is false, erroneous and misleading without employing procedures to insure the maximum possible accuracy of the information posted to Plaintiff's consumer report(s) and disseminated.

38. EQUIFAX, TRANS UNION and EXPERIAN through their actions and inactions, as described herein, caused great and irreparable injury to Plaintiff.

39. EQUIFAX, TRANS UNION and EXPERIAN have continually posted false and harmful information to Plaintiff's consumer reports without requiring a reasonable number of points of correspondence.

40. EQUIFAX, TRANS UNION and EXPERIAN failed to invoke necessary functions, procedures or programs designed to insure that false data and/or data attributable to other persons would not post to Plaintiff's consumer report and would be suppressed from appearing on Plaintiff's consumer reports.

41. EQUIFAX, TRANS UNION and EXPERIAN created, maintained and utilized a credit reporting system which is defective and does not comply with the FCRA or other laws governing Defendants' actions.

42. Upon information and belief, EQUIFAX, TRANS UNION and EXPERIAN utilize a search algorithm, which is defective and causes false data to be collected and shown as attributable to the target of the inquiry.

43. Upon information and belief, EQUIFAX, TRANS UNION and EXPERIAN have improperly posted accounts and other data to Plaintiff's credit file(s).

44. EQUIFAX, TRANS UNION and EXPERIAN have maliciously and/or with willful intent to injure, defamed Plaintiff and invaded Plaintiff's legitimate expectation of privacy.

45. In addition to actual or compensatory damages for its negligent conduct, EQUIFAX, TRANS UNION and EXPERIAN are liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under Alabama law, and/or for willful violation(s) of the provisions of the FCRA or other applicable federal and/or state laws.

## COUNT TWO
### *Failure of Bank of America to Comply with § 1681s-2(b) of the FCRA*

46.    This is a count against Defendant BANK for its failure to comply with § 1681s-2(b) of the FCRA.

47.    Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

48.    After receiving notice of the dispute from Plaintiff, Defendant BANK:

   a. Failed to conduct an adequate investigation with regard to the disputed information;

   b. Failed to review all relevant information provided by the consumer and provided by consumer reporting agencies;

   c. Failed to promptly investigate and report the investigation of the consumer to consumer reporting agencies continued to report the same misleading and inaccurate information complained of above and otherwise violated the FCRA.

**WHEREFORE**, Plaintiff prays for actual damages; statutory damages, costs and attorney fees, punitive damages; such other relief as the Court deems proper.

## COUNT THREE
### *Failure to Comply with State Laws and FCRA §1681(i)*

49.    This is a count against Defendants EQUIFAX, TRANS UNION and EXPERIAN for violations of the FCRA and state law.

50.    Plaintiff re-allege the relevant foregoing paragraphs of this complaint as if fully set out herein.

51.    Defendants EQUIFAX, TRANS UNION and EXPERIAN issued, assembled, transferred and published "consumer reports," regarding the Plaintiff, as defined in the FCRA.

52.    EQUIFAX, TRANS UNION and EXPERIAN have continually added, stored, maintained and disseminated personal and credit data about the Plaintiff which is false, erroneous and misleading without employing procedures to insure the maximum possible accuracy of the information posted to Plaintiff's consumer report(s) and disseminated.

53.    EQUIFAX, TRANS UNION and EXPERIAN failed and refused to adequately reinvestigate the disputed account of Plaintiff as required by the FCRA.

54. EQUIFAX, TRANS UNION and EXPERIAN failed and refused to send to Defendant BANK all of the information regarding the disputed account that was supplied to them by the Plaintiff.

55. EQUIFAX, TRANS UNION and EXPERIAN failed and refused to employ reasonable procedures to timely and properly reinvestigate the accuracy of the erroneous, negative data upon being notified by Plaintiff and/or subscribers that such information was erroneous.

56. EQUIFAX, TRANS UNION and EXPERIAN, through their actions and inactions, as described herein, caused great and irreparable injury to the Plaintiff.

57. EQUIFAX, TRANS UNION and EXPERIAN have continually posted false and harmful information to Plaintiff's consumer reports without requiring a reasonable number of points of correspondence.

58. EQUIFAX, TRANS UNION and EXPERIAN failed to invoke necessary functions, procedures or programs designed to insure that false data and/or data attributable to other persons would not post to Plaintiff's consumer report and would be suppressed from appearing on Plaintiffs' consumer reports.

59. EQUIFAX, TRANS UNION and EXPERIAN created, maintained and utilized a credit reporting system which is defective and does not comply with the FCRA or other laws governing Defendants' actions.

60. Upon information and belief, Defendants EQUIFAX, TRANS UNION and EXPERIAN utilize a search algorithm, which is defective and causes false data to be collected and shown as attributable to the target of the inquiry.

61. EQUIFAX, TRANS UNION and EXPERIAN have improperly posted accounts and other data to Plaintiff's credit file(s).

62. EQUIFAX, TRANS UNION and EXPERIAN have maliciously and/or with willful intent to injure, defamed Plaintiff and invaded Plaintiff's legitimate expectation of privacy.

63. In addition to actual or compensatory damages for its negligent conduct, Defendants EQUIFAX, TRANS UNION and EXPERIAN are liable unto the Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under Alabama law, and/or for willful violation(s) of the provisions of the FCRA or other applicable federal and/or state laws.

**WHEREFORE**, Plaintiff prays for actual damages; statutory damages, costs and attorney fees, punitive damages; such other relief as the Court deems proper.

## COUNT FOUR
### *Defamation*

64.     The relevant above and foregoing paragraphs are re-alleged as if fully set out herein.

65.     Between at least 2009 through the present, Defendants published to various credit reporting agencies and collection agencies the fact that the Plaintiff was delinquent in paying on his account.

66.     Defendants published this information both orally and in writing.

67.     Defendants had no factual basis for making the statements. Defendants knew this because Plaintiff notified Defendants that the account was not his and should not have been removed from his credit report.

68.     Plaintiff continued to notify Defendants by letters and telephone and/or through its collection agencies that the charges and account was not his.

69.     The written publications by Defendants constitute liable per se. The verbal publications constitute slander per se.

70.     Despite Plaintiff's notices, Defendants acted with malice by attempting to coerce Plaintiff into paying for charges that were not his. Moreover, Defendant BANK acted with malice by obstructing the reinvestigation of Plaintiff's consumer disputes when it advised credit reporting agencies, credit grantors, and collection agencies that the disputed account information was that of the Plaintiff. Defendants' acts constitute express or actual malice.

71.     As a direct and proximate result of Defendants' defamation, Plaintiff has suffered extreme mental anguish, loss of reputation, loss of the ability to obtain credit, mental anguish, and suffering, and pecuniary damages. The losses are either permanent in nature or continuing and Plaintiff will suffer losses in the future. Defendants' actions were malicious, willful, wanton, and to the total disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff prays for actual damages; statutory damages, costs and attorney fees, punitive damages; such other relief as the Court deems proper.

## COUNT FIVE
### *Negligence and Wantonness against Bank of America*

72.     Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

73.     This is a count against Defendant BANK for negligence and wantonness under Alabama law.

74. Defendant BANK's breach of this duty resulted in damages as alleged herein.

75. Defendant BANK's breach of its duty to Plaintiff was reckless and wanton entitling Plaintiff to punitive damages.

**WHEREFORE**, Plaintiff prays for actual damages; statutory damages, costs and attorney fees, punitive damages; such other relief as the Court deems proper.

## COUNT SIX
*FCBA Violations 15 U.S.C. § 1666(b) against Bank of America*

76. Plaintiff realleges and incorporate each of the preceding paragraphs as if fully set out herein.

77. Defendant is a "creditor" as that term is defined at 15 U.S.C. 1602(f). Defendant is also a "card issuer" within the meaning of 12 C.F.R. § 226.2(a)(7).

78. Plaintiff is a "consumer" and "card holder" within the meaning of 12 C.F.R. § 226.2(a)(8) and (11).

79. Plaintiff's dispute of the above-mentioned unauthorized charges constitutes a notice of a "billing error" within the meaning of 15 U.S.C. § 1666(b).

80. Plaintiff delivered notice of a billing error dispute within the meaning of 15 U.S.C. § 1666(a).

81. Defendant failed to comply with the requirements of the FCBA in one or more of the following ways:

   a. Failed to deliver written acknowledgment to the Plaintiff after having received the billing error notice;

   b. Failed to comply with appropriate error dispute resolution procedures;

   c. Failed to conduct any reasonable investigation of the dispute;

   d. Failed to report to the Plaintiff any result of any investigation of the dispute; and

   e. Upon information and belief, continued to report the disputed debt to consumer reporting agencies after receipt of the billing error dispute.

82. As a proximate result of this conduct, Plaintiff suffered actual damages.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for violations of the FCBA and award Plaintiff the following relief: actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**RESPECTFULLY SUBMITTED   DATED** this the 21st day of June, 2010.

/s/ James D. Patterson
**JAMES D. PATTERSON (PATTJ6485)**
**Attorney for Plaintiff**

**OF COUNSEL:**
**UNDERWOOD & RIEMER, P.C.**
**166 Government Street, Suite 100**
**Mobile AL 36602**
**Phone:   251.432.9212**
**Fax:        251.433.7172**
**jpatterson@alalaw.com**


**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY OF THE ISSUES IN THIS CASE.**

/s/ James D. Patterson
James D. Patterson, Esq.


**DEFENDANTS CAN BE SERVED AT THE FOLLOWING ADDRESSES:**

Experian Information Solutions, LLC
PO Box 9556
Allen, TX  75013

Trans Union LLC
PO Box 2000
Chester, PA   19022-2000

Equifax Information Services LLC
c/o CSC Lawyers Incorporating Svc Inc
150 S Perry St
Montgomery, AL 36104

Bank of America, National Association
c/o The Corporation Company
2 N. Jackson St. Ste. 605
Montgomery, AL 36104